UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALLEN NIMMONS,

                Plaintiff,           **Hon. Hugh B. Scott**

                                              05CV546S

        v.

                                           **Scheduling Order**
                                         (**Pro Se** **Prisoner Actions**)

GIANCOLA, et al.,

                Defendants.
_____

Pursuant to the Order of the Hon. William M. Skretny (Docket No. 9), this case was referred to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Rule 16(b) of the Federal Rules of Civil Procedure and Rule 16.1(a) of the Local Rules of Civil Procedure for the Western District of New York. Pursuant to the exception from the requirement of a scheduling conference in Local Civil Rule 16.1(a) for pro se prisoner civil rights actions (see also Fed. R. Civ. P. 16(b)) and consistent with the Civil Justice Reform Act guidelines, it is ORDERED THAT:

1.     Parties have thirty (30) days from the entry of this Order (or on or before **November 14, 2005**) to move to join other parties and to amend the pleadings.

2.     Any motion to dismiss or defendant's initial motion for summary judgment shall be filed forty-five (45) days from the entry of this Order (or on or before **November 28, 2005**).

3.      By this Order (and pursuant to Fed. R. Civ. P. 26(a)(1)), a party must, without awaiting a discovery request provide to other parties:

(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) A copy of, or description by category and location of, all documents, data compilations, and tangible things (including video and audio tapes of plaintiff) that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) The grievance or other administrative relief sought or obtained by plaintiff for the claims alleged in this action or other documents claimed to be grievances or reasons why a claim was not pursued administratively, or proof that no such grievance or administrative relief was sought;

(D) A copy of plaintiff's medical records, if plaintiff's allegations involve his physical condition;

(E) A computation of any damages claimed by the disclosing party, making available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(F) Defendant shall produce plaintiff's inmate records relevant to this action, including (but not limited to) grievance records, inmate medical records, disciplinary records, housing and placement records, other administrative records.

These disclosures must be made within sixty (60) days of the entry of this Order (or on or before **December 12, 2005**).  This disclosure is similar to (and governed by the rules for) Fed. R. Civ. P. 26(a)(1) initial disclosure.  Plaintiff shall execute such releases as are necessary to disclose pertinent confidential records (such as medical records in the allegations involve plaintiff's physical condition) to plaintiff's claims.

4.      All discovery in this case shall conclude on **April 12, 2006**, within six months of the entry of this Order.  All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.  Parties shall conduct the examination of plaintiff pursuant to Fed. R. Civ. P. 30 within this discovery period.

5. The plaintiff shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **February 3, 2006**; the defendants shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **March 3, 2006**. See Local Civil Rule 26. All expert discovery shall be completed on or before **April 3, 2006**.

6. A Status/Settlement Conference shall take place on **Wednesday, March 1, 2006, 10:30 am** (approximately forty-five (45) days from the discovery cut off date), in the chambers of the undersigned, at 414 United States Courthouse, 68 Court Street, Buffalo, New York. **The parties must comply with the Settlement Conference Requirements which are attached to and expressly incorporated as part of this Order.** In order to make the settlement conference productive, plaintiff shall communicate a demand to defendants prior to the conference.

7. In the event settlement is not effectuated at such settlement conference, dispositive motions, if any, shall be filed no later than **July 12, 2006** (ninety (90) days from the discovery cut off date).

8. In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(I) shall be <u>filed and served</u> no later than **September 1, 2006**.

9. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

10. Moreover, if counsel are of the belief that an intermediate conference with the court would be of assistance in the prompt disposition of the case, such a conference will be scheduled upon application of any party.

11. Pursuant to Local Civil Rule 5.2(d), plaintiff shall inform the Court of any changes of address, with the failure to do so resulting in the dismissal (**with prejudice**) of this action. While plaintiff remains in defendants' or New York State Department of Correctional Services' custody, defendants also shall inform the Court of any transfers of plaintiff within Department of Correctional Services' custody. Plaintiff is reminded that the original of any motion or other document sent for filing with the Court must be sent to the Court Clerk, with courtesy copy to the chambers of the undersigned; a courtesy copy alone will not be deemed filing.

12. A <u>final pretrial conference</u> pursuant to Fed. R. Civ. P. Rule 16(d) and Local Civil Rule 16.1(j) will be held on **October 18, 2006, at 9 am,** with Judge Skretny.

13. Jury Trial is set for **December 5, 2006, at 9:30 am**.

14. Plaintiff has made two motions. The first motion (Docket No. 6) seeks to compel discovery. This motion is premature since it was made before this Court issued this Scheduling Order, see Fed. R. Civ. P. 16, 26(f), and is **denied** without prejudice to be renewed if defendants fail to produce the requested materials.

15. Plaintiff's second motion (Docket No. 8) seeks appointment of counsel, pursuant to 28 U.S.C. § 1915(e). Under that provision, the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, plaintiff's motion for appointment of counsel is **denied** without prejudice at this time. It remains the plaintiff's responsibility to retain his own attorney or to press forward with his lawsuit pro se. 28 U.S.C. § 1654.

Counsel's attention is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

SO ORDERED.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
October 12, 2005

**Settlement Conference Requirements**

Trial counsel, parties, and/or persons with full authority to settle the case are hereby **ORDERED TO** personally attend the settlement conference, unless excused by the court for good cause. If any consent to settle is required for any reason, the party with the consent authority shall be personally present to the settlement conference. If no trial counsel, or person with full authority to settle a case is personally present at the settlement conference, unless excused for good cause, the party may be subject to appropriate sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

**Prior Settlement Discussions:** Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers *before* the conference and made a serious effort to settle the case on their own. Accordingly, before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made. If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiations at the conference.

**Settlement Statements/Briefs:** In addition to discussing settlement among themselves and exchanging demands and offers *before* the conference, written statements of the position of each party shall be submitted to the Hon. Hugh B. Scott, 414 United States Court House, 68 Court Street, Buffalo, New York 14202, and served on other parties *at least five court days prior to the settlement conference,* unless otherwise ordered. If service is by mail, all papers must be mailed not less than ten days before the court date. **THE PARTIES ARE <u>NOT</u> TO FILE OR ELECTRONICALLY TRANSMIT FOR FILING THEIR SETTLEMENT**

**STATEMENTS/BRIEFS BUT ARE TO SUBMIT THEM TO CHAMBERS DIRECTLY.**

Settlement conference statements shall not become a part of the file and will be discarded. Confidential matters may be brought to the attention of the settlement judge during the settlement conference either orally or in writing. Statements shall not exceed five pages, not including attachments, and shall include the necessary information to concisely support issues of liability and damages, including a settlement demand and offer, as well as an itemization of special and general damages, if applicable.

More specifically, the settlement statement/brief should include the following:

1. A brief statement outlining the names of the parties and their counsel;

2. A discussion of the factual and legal issues of the case, including a discussion of any reports and recommendations, or decisions and orders that have been issued in the case;

3. A discussion of plaintiff's, or any other party's, available remedies/damages (*e.g.*, in an employment discrimination case the amount of back pay, subsequent earnings, mitigation, reinstatement or front pay, compensatory damages, if any, etc.; in a personal injury case, a description of plaintiff's injuries, medical records, IMEs, wage loss, if any, and mitigation, etc.);

4. The status of the litigation, including discovery, dispositive motions and trial date, if any;

5. The status of settlement discussions, including the latest demand and offer that has been exchanged in accordance with this Order; and

6. Any other issue that the party believes is relevant and would facilitate settlement.

Each party is directed to forward two copies of its settlement brief to Magistrate Judge

Hugh B. Scott, and one copy to all other parties.

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the Magistrate Judge in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge.

**IF THE PARTIES CONTEMPLATE CONSENTING TO JURISDICTION FOR TRIAL BEFORE THE MAGISTRATE JUDGE, SUCH SHOULD TAKE PLACE OR BE MADE KNOWN PRIOR TO THE INITIAL SETTLEMENT CONFERENCE IN THIS CASE SO THAT THE UNDERSIGNED MAGISTRATE JUDGE DOES NOT CONDUCT SETTLEMENT PROCEEDINGS IN THIS MATTER**.

The parties are directed to review Rule 16(f) of the Federal Rules of Civil Procedure, which provides for appropriate sanctions, in the event a party or its attorney fails to obey a scheduling or pre-trial order of the Court, or fails to appear at a pre-trial conference, or is unprepared to participate in the conference, or fails to participate in the conference in good faith. The request for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement.